UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

P. J. Stevens,

        Plaintiff,

vs.                          REPORT AND RECOMMENDATION

Kanabec County Times,

        Defendant.          Civil No. 08-518 (JMR/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Application of Plaintiff P. J. Stevens for leave to proceed in forma pauperis ("IFP"). See, Docket No. 2. For reasons which follow, we recommend that the Plaintiff's IFP Application be denied, and that the action be summarily dismissed for lack of subject matter jurisdiction.

II. Factual and Procedural Background

The Defendant in this case, Kanabec County Times, is the publisher, apparently, of a newspaper that is located in Mora, Minnesota, while the Plaintiff is a resident of

Isle, Minnesota. See, <u>Complaint</u>, <u>Docket No. 1</u>, p. 1, ¶¶ 1-2. In his Complaint, the Plaintiff alleges that the Defendant published a newspaper story, which falsely reported that he had been charged with deliberately setting a fire that destroyed his father's residence. <u>Id</u>. at p. 2. A copy of that newspaper story is attached to the Complaint.

The Plaintiff now seeks to sue the Defendant for "slander," claiming that the Defendant "Published and circulated a false statement." <u>Id</u>. at p. 1, ¶ 4. He is seeking a Judgment for "Comsention [sic] for loses [sic] and or guidline [sic] for such." <u>Id</u>. at ¶ 5.

### III. <u>Discussion</u>

Rule 12(h)(3), Federal Rules of Civil Procedure, requires that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." "Subject matter jurisdiction * * * is a threshold requirement which must be assured in every federal case." <u>Turner v. Armontrout</u>, 922 F.2d 492, 293 (8th Cir. 1991).

Here, we find that Federal Subject Matter Jurisdiction does not exist under either of the two Statutes which vest this Court with jurisdiction over the subject

matter of a litigant's dispute -- namely, "the Federal Question Statute," Title 28 U.S.C. §1331, and "the Diversity of Citizenship Statute," Title 28 U.S.C. §1332.

Under the Federal Question Statute, we do not have subject jurisdiction over the Plaintiff's case as the Plaintiff's Complaint does not include any claim that is predicated upon Federal substantive law. The only cognizable claim is a State common law tort for slander or libel. The Plaintiff has failed to plead a claim that arises "under the Constitution, laws or treaties of the United States," so as to vest this Court with jurisdiction under Section 1331. See, QwestDex, Inc. v. Hearthside Restaurant, Inc., 376 F. Supp. 2d 931, 933 (D. Minn. 2005)("The 'well-pleaded complaint rule' provides that federal jurisdiction pursuant to section 1331 exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."), citing Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998).

Further, the Complaint alleges that the Plaintiff, and the Defendant, both reside in the State of Minnesota. Therefore, as is self-evident on the face of the Complaint, diversity of citizenship does not exist in this case. See, Capitol Indemnity Corp., Inc. v. Russellville Steel Co., Inc., 367 F.3d 831, 835 (8th Cir. 2004)("Diversity jurisdiction exists where the amount in controversy is greater than $75,000 and where there is a complete diversity of citizenship."), citing Title 28 U.S.C. §1332(a). "Complete

diversity of citizenship exists where no defendants hold citizenship in a state where any plaintiff holds citizenship." Id., citing Owen Equipment & Erection v. Kroger, 437 U.S. 365, 373 (1978). In addition, given the absence of any clear showing of damage, we have no reason to conclude that the Plaintiff's alleged cause of action exceeds the $75,000.00 threshold of Section 1332(a). Therefore, subject matter jurisdiction does not exist under the Diversity of Citizenship Statute.

Since subject matter jurisdiction has not been established, this case must be summarily dismissed pursuant to Rule 12(h)(3), Federal Rules of Civil Procedure, and we further recommend that the Plaintiff's IFP application be denied, as moot.

NOW, THEREFORE, It is--

RECOMMENDED:

1. That the Plaintiff's Complaint be summarily dismissed, without prejudice, for lack of subject matter jurisdiction, pursuant to Rule 12(h)(3), Federal Rules of Civil Procedure.

2. That the Plaintiff's "Application to Proceed Without Prepayment of Fees" [Docket No. 2] be denied as moot.

Dated:  April 2, 2008                                       *s/Raymond L. Erickson*
                                                            Raymond L. Erickson
                                                            CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than April 18, 2008**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing by no later than **April 18, 2008**, unless all interested parties

stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.